IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-20941
_____


NATURAL GAS PIPELINE CO. OF AMERICA, ET AL.,

                              Plaintiffs-Appellees,

          v.

ENERGY GATHERING, INC., ET AL.,

                              Defendants,

          and

NAVARRO CROWSON,

                              Movant-Appellant.

_____

          Appeal from the United States District Court
              for the Southern District of Texas
                       (CA-H-88-3202)
_____
                      September 18, 1996
Before KING, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

        Navarro Crowson appeals the denial of his third motion

for release from confinement and motion to vacate a contempt

order.  We vacate the order of the district court.

_____

        [*]Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

Crowson took bribes and illegal kickbacks on natural gas sale contracts in the mid 1980s while working for Natural Gas Pipeline Company ("Natural Gas"). After being indicted in federal court, Crowson pled guilty to charges of mail fraud arising out of one of these kickback schemes. In 1991, Crowson had two substantial default judgments rendered against him, for a total of over 6 million dollars in damages. Following the judgments, Crowson's judgment creditors sought to discover the location and extent of Crowson's assets. Because of Crowson's failure to respond to post-judgment discovery, the district court entered a contempt order, ordering that Crowson be confined to jail indefinitely until he purged himself of his contempt. A week later, Crowson entered into an agreed order which required that he produce all of his financial and business records and that he answer the interrogatories and requests for production that had previously been served upon him.

Upon being conditionally released under the terms of the agreed order, Crowson did not cooperate with discovery and collection efforts. Instead, he hid assets and removed documents from his accountant's file. Crowson then fled to Mississippi, filed for bankruptcy, and checked into a hospital to avoid arrest

---

[1]The background of this case is set out in Natural Gas Pipeline Co. v. Energy Gathering, Inc., 2 F.3d 1397 (5th Cir. 1993) (a related case involving review of a civil contempt order issued against Crowson's attorney).

by the U.S. Marshal Service.  Ultimately, the court entered an order revoking the conditional release and directing that Crowson be returned to indefinite confinement.  Crowson has been incarcerated since August 28, 1992.

Several months after he was incarcerated, Crowson filed his first motion requesting that he be released, on the ground that forcing him to comply with the court's order would violate his Fifth Amendment right against self-incrimination.  Crowson appealed the denial of this motion, but his appeal was dismissed for want of prosecution.

On February 18, 1994, almost eighteen months after he was taken into custody, Crowson filed his second motion for release from confinement.  Crowson argued that he should be released based on the eighteen month limitation on confinement in the Recalcitrant Witness Statute.  28 U.S.C. § 1826(a) (1994).[2]  The court denied this motion on May 27, 1994, holding that the eighteen month statutory limitation was inapplicable because it applies only to contempt arising out of grand jury proceedings and not to a post-judgment refusal to disclose assets.  Natural Gas Pipeline Co. v. Fritz, 853 F. Supp. 236, 237 (S.D. Tex. 1994).  Crowson did not appeal.

---

[2]Crowson filed an amended motion for release and a motion to vacate the order of contempt on May 16, 1994.  In addition to the § 1826 ground, he argued that he should be released because his confinement had become punitive and because he was "uncoercible." The district court did not address the additional grounds.

In July 1994, the court granted summary judgment in favor of Winnie Pipeline Company and Southeastern Marketing Company against Crowson and his co-defendant Kenneth Patterson in a consolidated case. The judgment held Crowson and Patterson liable for an additional 7.6 million dollars. Crowson filed a Notice of Appeal and sought leave to proceed *in forma pauperis*, which the district court denied. Crowson appealed the denial, but his appeal was dismissed. Although this court subsequently reversed the district court's July 1994 grant of summary judgment against Crowson's co-defendant Kenneth Patterson, Crowson was not a party to that appeal.

On September 26, 1995, Crowson filed his third motion for release from confinement and motion to vacate the order of contempt. The motion urged the court to "reconsider its position" as to the applicability of the Recalcitrant Witness Statute, as well as its holding that Crowson waived his Fifth Amendment privilege. Crowson also made several other arguments: that he is subject to confinement forever, that he has done all he can to purge himself of his contempt, and that he is entitled to relief because his confinement has become punitive. He concluded by asking for his immediate release or, alternatively, for a hearing to determine his eligibility for release. The court denied the motion in a one-line order, without giving any reasons for its decision. Crowson now brings this appeal.

4

## II. JURISDICTION

Crowson appeals a final decision by the district court refusing to release him from confinement or to vacate the contempt order. The court has jurisdiction to hear this appeal under 28 U.S.C. § 1291. Natural Gas's argument that the court has no jurisdiction, based on United States v. Wheeler, 952 F.2d 326 (9th Cir. 1991), is without merit. In Wheeler, the district court issued a contempt order against Wheeler because he refused to provide the relevant books and records requested in an IRS investigation. Id. at 326-27. Wheeler did not appeal the order. Instead, he later filed an affidavit, which the district court treated as a motion to vacate the contempt order, in which he claimed that the requested records never existed. Id. at 327. The district court denied the motion and Wheeler appealed. The Ninth Circuit held that it lacked jurisdiction to hear the case because "a district court's order refusing to vacate an underlying contempt order is nonappealable when the ground on which the vacatur is sought existed at the time the contempt order was entered and the contemnor failed to appeal timely from that order." Id. Assuming arguendo that Wheeler is rightly decided,[3] it is nevertheless inapposite. Crowson's third motion

---

[3]In their treatise, Wright, Miller, and Cooper note that instead of dismissing the appeal, the Ninth Circuit should have affirmed the district court's decision on the ground that a motion to vacate cannot be used to secure review of the underlying order. 15B CHARLES A. WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3917 n.70 (Supp. 1995).

5

contains several grounds which did not exist at the time the contempt order was entered, and it is these issues that we consider on appeal.

## III. DISCUSSION

### A. Standard of Review

A court of appeals reviews a district court's order denying a Rule 60(b) post-judgment motion for abuse of discretion. Browder v. Director, Ill. Dep't of Corrections, 434 U.S. 257, 263 n.7 (1978). On such an appeal, the court should restrict itself to addressing only the district court's action in denying the motion and should not review the underlying judgment. Id.; Trinity Carton Co. v. Falstaff Brewing Corp., 816 F.2d 1066, 1070 (5th Cir. 1987); 15B CHARLES A. WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3916, at 351 (1992).

### B. Issues Resolved in Prior Motions

Crowson raised five issues in his third motion for release from confinement and motion to vacate the original order and raises a sixth issue on appeal. First, he urged the district court to reconsider its judgment on his earlier motions, in which he asserted claims under the Recalcitrant Witness statute and the Fifth Amendment. In Natural Gas Pipeline Co. v. Fritz, 853 F. Supp. 236 (S.D. Tex. 1994), the district court held that 28 U.S.C. § 1826 applies only to witnesses testifying before a grand

6

jury, not to the actual parties in a lawsuit.  Id. at 237.

Because Crowson failed to appeal this ruling, it became the law

of the case.  The district court's ruling on the Fifth Amendment

issue is also the law of the case because Crowson's appeal of

that ruling was dismissed.

Crowson gives no reasons on appeal as to why the district

court abused its discretion in refusing to reexamine its original

orders.  Instead of "reveal[ing] the traditional equities

favoring relief from the judgment," Trinity Carton, 816 F.2d at

1070, Crowson only argues that the original decisions were wrong.

In essence, Crowson is trying to use this appeal to review the

underlying judgments.  We do not review underlying judgments on

an appeal of a denial of a Rule 60(b) post-judgment order.  Id.


## C.    New Issues

Crowson asserted for the first time in his third motion that

he is subject to confinement forever because he "may well have"

entrusted the bookkeeping to his attorney and, thus, he may not

know the nature and location of his assets.  The district court

correctly disposed of this assertion in denying the third motion.

Crowson should have made this argument at the time the contempt

order was issued.  He cannot now seek to use this motion to

review the contempt order.  15B CHARLES A. WRIGHT ET AL., FEDERAL

PRACTICE AND PROCEDURE § 3916 at 364 (1992).

7

Crowson claimed in his third motion that he has done all he can to purge himself of his contempt. Crowson must offer something more, however, than his own self-serving statements to satisfy his burden of production, and this he failed to do. In United States v. Sorrells, 877 F.2d 346 (5th Cir. 1989), a case involving similar facts, this court held that "[u]nless and until [the contemnor] complies with the enforcement order, or meets his burden of producing credible evidence showing that he is presently unable to comply, [he] remains in contempt of the court's order." Id. at 352. Thus, the district court correctly disposed of this issue.

In his appellate brief, Crowson argues for the first time that the January 4, 1996 reversal of the district court's grant of summary judgment in favor of Winnie Pipeline and Southeastern Marketing relieves him of further liability.[4] The Fifth Circuit reversal of the summary judgment as to Kenneth Patterson in this case does nothing to relieve Crowson of further liability. Crowson was not a party to the appeal, so the original judgment is still valid as to him.

**D.  The Thom Analysis**

---

[4]Although we do not usually consider arguments raised for the first time on appeal, we note that the Fifth Circuit reversal did not occur until after the district court's order. In the interest of forestalling another appeal, we address Crowson's argument at this time.

Finally, Crowson asserted in his third motion that the passage of time has demonstrated that he will never comply with the contempt order, thus making his confinement punitive rather than coercive.[5]  Crowson relies on United States *ex rel.* Thom v. Jenkins, 760 F.2d 736 (7th Cir. 1985), to support the argument that a person confined as the result of a civil contempt order must be released if he can show that his confinement has become punitive.  As the Seventh Circuit noted in Thom, "although incarceration for civil contempt may continue indefinitely, it cannot last forever."  Id. at 740 (citing Maggio v. Zeitz, 333 U.S. 56, 76 (1948)).   When it becomes clear that a civil contemnor will never yield to the coercion of incarceration, the court must release the contemnor.  Id.  The determination of the point at which the contemnor should be released is left to the discretion of the district court, id., and we review the district court's order under an abuse of discretion standard.  In this case, however, it is impossible to evaluate the district court's exercise of discretion based on its one-sentence order.  A Thom inquiry is necessarily fact-bound, but in this instance the

---

[5]Although Crowson raised this issue in his amended second motion for release from confinement, he is not barred from raising it now because of the ongoing nature of the claim.  See Kilgoar v. Colbert County Bd. of Educ., 578 F.2d 1033, 1035 (5th Cir. 1978) ("Subsequent conduct, even if it is of the same nature as the conduct complained of in a prior lawsuit, may give rise to an entirely separate cause of action.").

9

district court did not hold a hearing on the matter or make any explicit fact findings.

At this point, Crowson has been incarcerated for more than four years, and it has been more than two years since his last motion to vacate the contempt order. While Maggio and Thom do not set out any specific guidelines for the district court to follow in addressing such a claim, the ongoing nature of the claim makes it ripe for reevaluation periodically.

The district court is correct in so far as it disposed of the first five issues Crowson raises on appeal. However, the district court failed to address adequately Crowson's argument that his confinement has become punitive. Normally, we would remand this case to the district court and ask it to give reasons for the judgment it made at the time. However, because of the continuing nature of the Thom inquiry, we remand with instructions to evaluate Crowson's claim based on the current factual situation. The district court shall hold a hearing and make explicit findings that will enable us to review the resulting order. We intimate no view on the merits.

**IV. CONCLUSION**

10

For the foregoing reasons, we VACATE the order of the district court and REMAND for further proceedings consistent with this opinion.